BLEAU FOX A.P.C.
Martin Fox, Esq., SBN 155783
mfox@bleaufox.com
Thomas P. Bleau, Esq., SBN 152945
tbleau@bleaufox..com
3575 Cahuenga Blvd., West, Suite 580
Los Angeles, California 90068
(323) 874-8613
(323) 874-1234 facsimile

Attorneys for Plaintiff
Rosedale Plaza Group, LLC

JEFFREY M. HAMERLING (Bar No. 91532)
ANDREW E. SAXON (Bar No. 227344)
ERIN FRAZOR (Bar No. 251324)
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel: 415.836.2500
Fax: 415.836.2501
Jeffrey.Hamerling@dlapiper.com
Andrew.Saxon@dlapiper.com
Erin.Frazor@dlapiper.com

Attorneys for Defendant
BP WEST COAST PRODUCTS LLC,
a Delaware limited liability company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEDALE PLAZA GROUP, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BP WEST COAST PRODUCTS LLC, a Delaware Limited Liability Company and DOES 1 through 100, Inclusive,<br><br>Defendant. | CASE NO. 1-08-CV-01874-OWW-GSA<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Assigned to: Hon. Judge Oliver W. Wanger |
| AND RELATED COUNTERCLAIMS | |

WHEREAS, discovery in the above-entitled action may involve the disclosure of confidential, trade secret, proprietary, business or financial information of a party;

WHEREAS, the parties Plaintiff and Counterdefendant, Rosedale Plaza Group, LLC ("Rosedale") and Defendant and Counterclaimant, BP West Coast Products LLC ("BPWCP") do not anticipate that any information or documents that the parties may seek in discovery implicate public health or safety; and

WHEREAS the parties have agreed to the entry of this Protective Order as evidenced by the signatures of their respective counsel;

IT IS HEREBY STIPULATED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the Court be requested to enter the following Protective Order in this matter:

1. As used herein, "Confidential Information" means any type of information, including, but not limited to, documents, deposition transcripts, answers to interrogatories and any other written or recorded material supplied by one party or a non-party witness ("Supplying Party") to another party ("Receiving Party") in this action, which contains confidential, business, financial, proprietary, trade secret, or commercial data which is designated as "Confidential" as provided in Paragraphs 2 and 3, below.

2. Any party may designate as Confidential Information any information believed by such party to constitute confidential, business, financial, proprietary, trade secret or commercial data of a sensitive nature pertaining to such party ("Designating Party").

3. Any Confidential Information supplied in written or documentary form shall be labeled by the Designating Party either "Confidential" or "Confidential - Attorneys Only." The Designating Party may label Confidential Information as "Confidential - Attorneys Only" only if, in the good faith belief of such party, the disclosure of such information to any person or entity other than those specified in Paragraph 4(b) of this Stipulated Protective Order would cause harm to the business and/or operations of such party. With respect to the examination of witnesses upon oral deposition, when Confidential Information is supplied and/or when the deponent's testimony contains, reflects or relates in any way to Confidential Information, the reporter will be informed of this Stipulated Protective Order by the party seeking confidentiality and will be

WEST\21717119.1

required to operate in a manner consistent therewith. The reporter shall place on the cover of any deposition transcript which contains any Confidential Information the words "Contains Confidential Information." Counsel for the respective parties shall take appropriate steps to prevent any portions of any deposition transcript designated "Confidential" or "Confidential - Attorneys Only" from being disclosed to any person except as provided in this Stipulated Protective Order. Each Designating Party shall provide the other parties with a list of the page(s) of each deposition transcript and any exhibits attached thereto that the party has designated as "Confidential" and/or "Confidential - Attorneys Only." Unless the parties otherwise agree, such list shall be provided to the other parties within ten business days after receipt by counsel for the respective parties of a copy of any deposition transcript.

    4.    All Confidential Information shall be maintained in confidence, and not disclosed, directly or indirectly, to any person except as provided in this paragraph.

        a.    In the case of a "Confidential" designation, for each party other than the Designating Party, access to such information shall be limited to:

(1) the party receiving the information;

(2) counsel for the party whether or not counsel of record in this proceeding (including members and employees of such counsel's law firm) and in-house counsel for the party;

(3) persons employed by the party's attorney to furnish expert and litigation support services;

(4) directors, officers and employees of the party to whom it is necessary that the materials be shown for purposes of this legal action;

(5) pursuant to the restrictions set forth in Paragraph 7 of this Stipulated Protective Order, deponents incident to their depositions;

(6) pursuant to the restrictions set forth in Paragraph 9 of this Stipulated Protective Order, officers of the Court, witnesses in any legal proceeding in this action for which it is relevant, and members of the jury; and

(7) such other persons as hereafter may be designated by written agreement of the parties or by order of the Court.

Said access shall be for the sole limited purpose of trial or preparation for trial of this action.

  b. In the case of a "Confidential - Attorneys Only" designation, for each party other than the Designating Party, access to such information shall be limited to:

(1) counsel for the party (including members and employees of such counsel's law firm) and in-house counsel for the party;

(2) persons employed by the party's attorney to furnish expert and litigation support services in this action, but not including the party, or any director, officer, agent or employee of the party;

(3) pursuant to the restrictions set forth in Paragraph 9 of this Stipulated Protective Order, a present or former employee of the Designating Party while that employee is testifying in a deposition or court hearing on this matter;

(4) pursuant to the restrictions set forth in Paragraph 9 of this Stipulated Protective Order, officers of the Court, members of the jury; and

(5) such other persons as hereafter may be designated by written agreement of the parties or by order of the Court.

Said access shall be for the sole limited purpose of trial or preparation for trial in this action. Except for the party which so designates the information, no party to this action or any director, officer, employee or agent of such party (other than counsel) shall have access to Confidential Information which is designated "Confidential - Attorneys Only."

  5. A designation of confidentiality pursuant to this Stipulated Protective Order shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention the aforesaid material or information shall come unless and

WEST\21717119.1

until otherwise ordered by the Court or stipulated by all parties to this action. These obligations of confidentiality and non-disclosure shall survive the conclusion of this action.

6. Confidential Information held by a party may be disclosed to persons as provided in Paragraph 4 and to persons who are employed or otherwise bound by counsel to furnish expert services, to give expert testimony, or otherwise to aid in the preparation for trial of this action, provided that prior to such disclosure such person to whom disclosure of Confidential Information is to be made shall acknowledge and confirm in the form of a Declaration, in the form of Exhibit A hereto, that he or she has read this Stipulated Protective Order and agrees to comply with its terms. Confidential Information designated by a party as "Confidential" may be disclosed by any other party to a deponent during the deponent's deposition provided that the deponent has been informed of this Stipulated Protective Order and executes a Declaration, in the form of Exhibit A hereto, that he or she has read this Stipulated Protective Order and agrees to comply with its terms. The attorneys for the respective parties shall maintain a file of such Declarations, and shall furnish to the requesting attorney a list of the executing individuals (excluding the names of experts and consultants whose names have not been disclosed in the litigation to date and their employees) within twenty (20) days of receipt of a written request.

Confidential Information designated by a party as "Confidential - Attorneys Only" may not be disclosed to a deponent unless he or she is a person qualified to have access to such information pursuant to Paragraph 4(b) of this Stipulated Protective Order, the parties otherwise agree, or the Court, for good cause shown, otherwise orders. If information, documents or writings designated as "Confidential - Attorneys Only" are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive information or documents, or any things designated as "Confidential - Attorneys Only."

7. Nothing herein shall prohibit a party, or its counsel, from disclosing a document which constitutes Confidential Information to the person whom the document identifies as an author, addressee or recipient of such document.

8. All documents, including deposition transcripts, containing Confidential Information which are filed or lodged with the Court, shall be filed or lodged in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> "This envelope is sealed and contains confidential information filed [or lodged] in this case by [name of party] and is not to be opened or the contents thereof displayed or revealed except by order of the court or pursuant to stipulation of the parties to this action."

Said envelope or container shall not be opened without order of the Court except by officers of the Court and counsel of record who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

9. In the event any Confidential Information is used in any pretrial or discovery proceeding in this action, it shall not lose its confidential status through such use. All Confidential Information and pretrial deposition testimony given in this action which contains or discusses Confidential Information ("Confidential Testimony") shall be presented only to persons authorized by the terms of this Stipulated Protective Order to have access to Confidential Information, or to the Court under seal. Any party filing Confidential Information or Confidential Testimony with the Court shall indicate to the Court on filing what portion(s) thereof are subject to this Stipulated Protective Order, and that the pretrial presentation of such Confidential Information or Confidential Testimony shall be filed under seal. All such Confidential Information and transcripts of Confidential Testimony shall be kept by the clerk under seal and shall be made available only to the Court and its staff and to the persons authorized by the terms of this Stipulated Protective Order to have access to Confidential Information.

10. The parties, their officers, agents and employees, and their attorneys, shall be responsible to see that the purpose and effect of this Stipulated Protective Order is achieved.

11. Nothing in this Stipulated Protective Order shall preclude a party from applying to the Court for an order removing "Confidential" designation from information. If the court finds it appropriate, the court may examine the designated material or hear the designated testimony in

camera. Neither party shall be obligated to challenge the propriety of the confidential designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. In the event of such a challenge, the party seeking confidentiality for particular documents or information shall have the burden of establishing confidentiality for the particular documents or information.

12. This Stipulated Protective Order may be modified by further order of this Court or by agreement of counsel for the parties, subject to the approval of the Court, provided that any such agreement be memorialized in the form of a stipulation that shall be filed with the clerk and made a part of the record in this case.

13. Within ninety (90) days following the termination of this action, all Confidential Information designated as such by the Supplying Party shall be returned to the Supplying Party, and all copies, summaries or transcripts thereof, and any and all other documents which contain, reflect, refer or relate to such Confidential Information which are not delivered to the Supplying Party, shall be destroyed. Counsel of record for each party shall attest to compliance with the terms of this Paragraph 14 in an affidavit or declaration served on each other party within the 90-day period.

14. The provisions of this Stipulated Protective Order apply to all proceedings in this matter, including all appeals and proceedings upon remand.

15. Nothing in the foregoing provisions regarding confidentiality shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the foregoing provisions.

16. The attorneys of record are responsible for employing reasonable measures consistent with this Stipulated Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information. Parties shall not duplicate any stamped confidential document except for producing working copies and for filing in court under seal.

WEST\21717119.1

1. 17.

   a. The inadvertent, unintentional or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

   b. If a Supplying Party realizes that it has inadvertently produced material it considers confidential without so marking it, it may notify the Receiving Party of the mistake. Upon receiving such notice, the Receiving Party will treat such material and the information contained therein as Confidential or Confidential – Attorneys Only hereunder depending upon the Supplying Party's instructions, and shall promptly either so mark such material or shall return the material, uncopied, to the Supplying Party, who shall then promptly mark the material as Confidential or Confidential – Attorneys Only and again deliver it to the Receiving Party.

   c. The procedure set forth in sub-paragraph 17b, above, is in furtherance of and not in limitation of the provisions of sub-paragraph 17a. A Supplying Party's failure to follow the procedure set forth in sub-paragraph 17b shall not constitute a waiver of such party's claim of confidentiality as to any material or information.

2. 18. By entering into this Stipulated Protective Order, neither party waives any objections it may have to the production of any documents covered by this Stipulated Protective Order.

STIPULATED AND AGREED BY:

Dated: May 22, 2009　　　　　　　　　　BLEAU FOX, A P.C.

By　/s/ Martin Fox
　　MARTIN FOX
　　Attorneys for Plaintiff
　　ROSEDALE PLAZA GROUP, LLC

8
STIPULATED PROTECTIVE ORDER

WEST\21717119.1

Dated: May 22, 2009								DLA PIPER LLP (US)


								By   /s/ Jeffrey M. Hamerling
								JEFFREY M. HAMERLING
								Attorneys for Defendant
								BP WEST COAST PRODUCTS LLC,
								a Delaware limited liability company

### **ORDER**

The court, having read and considered the Proposed Stipulated Protective Order regarding protection of confidential information, and good cause appearing, IT IS HEREBY ORDERED that the Stipulated Protective Order is entered in this action. The parties are advised that any document that is to be filed under seal pursuant to paragraph no. 9 shall be filed in accordance with Local Rules 39-140 and 39-141 pending the Court's determination of whether the document should be sealed, whether a privilege exists that precludes the use of the document or other information as evidence, or determining what safeguards should be utilized if the confidential information is to be considered as evidence.

**IT IS SO ORDERED :**

**Dated : May 26, 2009**						**/s/ Gary S. Austin**

								**Gary S. Austin**

								**United States Magistrate Judge**

WEST\21717119.1

BLEAU FOX A.P.C.
Martin Fox, Esq., SBN 155783
mfox@bleaufox.com
Thomas P. Bleau, Esq., SBN 152945
tbleau@bleaufox..com
3575 Cahuenga Blvd., West, Suite 580
Los Angeles, California 90068
(323) 874-8613
(323) 874-1234 facsimile

Attorneys for Plaintiff
Rosedale Plaza Group, LLC

JEFFREY M. HAMERLING (Bar No. 91532)
ANDREW E. SAXON (Bar No. 227344)
ERIN FRAZOR (Bar No. 251324)
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel: 415.836.2500
Fax: 415.836.2501
Jeffrey.Hamerling@dlapiper.com
Andrew.Saxon@dlapiper.com
Erin.Frazor@dlapiper.com

Attorneys for Defendant
BP WEST COAST PRODUCTS LLC,
a Delaware limited liability company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEDALE PLAZA GROUP, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BP WEST COAST PRODUCTS LLC, a Delaware Limited Liability Company and DOES 1 through 100, Inclusive,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 1-08-CV-01874-OWW-GSA<br><br>**DECLARATION OF _____ CONFIRMING COMPLIANCE WITH STIPULATED PROTECTIVE ORDER**<br><br>Assigned to: Hon. Judge Oliver W. Wanger |

I, _____, declare the following:

1. I recognize that during my involvement in this case I may have occasion to read or hear of documents produced in this litigation, or matters which are designated as Confidential Information. I agree to use any such documents and matters solely in connection with my participation in this case and for no other purpose.

2. I have read and I understand the Stipulated Protective Order entered in *Rosedale Plaza Group, LLC v. BP West Coast Products LLC,* United States District Court, Eastern District of California, Case No. 1-08-CV-01874-OWW-GSA and I agree to be bound by its terms in every respect.

3. In addition, I consent to the jurisdiction of the United States District Court, Eastern District of California, with respect to any actions of any kind whatsoever relative to the enforcement of the Stipulated Protective Order, recognizing that in doing so I subject myself to the full powers of that Court, including the power of imposing sanctions for contempt.

4. My address is : _____

_____

_____.

5. My telephone number is: _____.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on _____, 200\_\_, at _____, State of
                                                                          (city)

_____.

_____
(Signature)